Samuel I. Portnoy, Esq.
Christopher P. Anton, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Tel: (973) 596-4909
Fax: (973) 639-6218
sportnoy@gibbonslaw.com
canton@gibbonslaw.com
*Attorneys for Defendant Markit Group Limited*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CAPELOGIC, INC.,<br><br>                  Plaintiff,<br><br>v.<br><br>MARKIT GROUP LIMITED a/k/a IHS MARKIT,<br><br>                  Defendant. | Civil Action No. 2:22-cv-85-ZNQ-DEA<br><br>*Document electronically filed*<br><br>**DEFENDANT'S ANSWER<br>AND SEPARATE DEFENSES** |

Defendant Markit Group Limited (incorrectly pleaded as "Markit Group Limited a/k/a IHS Markit") ("Defendant")[1] through its attorneys, Gibbons P.C., hereby answers the Complaint filed by plaintiff Capelogic, Inc. ("Plaintiff")[2] as follows:

**THE PARTIES**

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and therefore denies them.

---

[1] While IHS Markit is an affiliate of Defendant, IHS Markit is not named as a defendant, and the assertion that Defendant is also known as IHS Markit is inaccurate.

[2] All allegations contained in the Complaint that are not specifically admitted in this Answer are denied. Defendant is not required to respond to the headings, subheadings, or the prayer for relief in the Complaint. To the extent a response is required, Defendant denies any assertions in the headings, subheadings, or prayer for relief in the Complaint.

2. Defendant admits the allegations set forth in paragraph 2 of the Complaint.

## FACTS COMMON TO ALL COUNTS

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint and therefore denies them.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and therefore denies them.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and therefore denies them.

6. Defendant admits that it engaged Plaintiff to provide certain services, the terms of which were set forth in a written Software License, Maintenance and Service Provider Agreement effective as of July 2010, as amended (the "Agreement"), which Agreement speaks for itself and is the best evidence of its content. To the extent any further response is required, Defendant denies the remaining allegations of paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff agreed to provide certain services to Defendant, the terms of which were set forth in the parties' Agreement, which speaks for itself and is the best evidence of its content. To the extent any further response is required, Defendant denies the remaining allegations of paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff agreed to provide certain services to Defendant, the terms of which were set forth in the parties' Agreement, which speaks for itself and is the best evidence of its content. To the extent any further response is required, Defendant denies the remaining allegations of paragraph 8 of the Complaint.

9. Defendant admits that Defendant and Plaintiff entered into the Agreement which speaks for itself and is the best evidence of its content. To the extent any further response is required, Defendant denies the remaining allegations of paragraph 9 of the Complaint.

10. The Agreement upon which the allegations set forth in paragraph 10 of the Complaint purport to be based speaks for itself and is the best evidence of its content, and Defendant denies the allegations in paragraph 10 to the extent they are inconsistent therewith.

11. The Agreement upon which the allegations set forth in paragraph 11 of the Complaint purport to be based speaks for itself and is the best evidence of its content, and Defendant denies the allegations in paragraph 11 to the extent they are inconsistent therewith.

12. The Agreement upon which the allegations set forth in paragraph 12 of the Complaint purport to be based speaks for itself and is the best evidence of its content, and Defendant denies the allegations in paragraph 12 to the extent they are inconsistent therewith.

13. Defendant admits the allegations set forth in paragraph 13 of the Complaint.

14. The Agreement upon which the allegations set forth in paragraph 14 of the Complaint purport to be based speaks for itself and is the best evidence of its content, and Defendant denies the allegations in paragraph 14 to the extent they are inconsistent therewith.

15. The Agreement upon which the allegations set forth in paragraph 15 of the Complaint purport to be based speaks for itself and is the best evidence of its content, and Defendant denies the allegations in paragraph 15 to the extent they are inconsistent therewith.

16. Defendant admits the Agreement terminated no later than June 12, 2021.

17. The Agreement upon which the allegations set forth in paragraph 17 of the Complaint purport to be based speaks for itself and is the best evidence of its content, and Defendant denies the allegations in paragraph 17 to the extent they are inconsistent therewith.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. The letter upon which the allegations set forth in paragraph 19 of the Complaint purport to be based speaks for itself and is the best evidence of its content, and Defendant denies the allegations in paragraph 19 to the extent they are inconsistent therewith.

20. The letter upon which the allegations set forth in paragraph 20 of the Complaint purport to be based speaks for itself and is the best evidence of its content, and Defendant denies the allegations in paragraph 20 to the extent they are inconsistent therewith.

21. The letter upon which the allegations set forth in paragraph 21 of the Complaint purport to be based speaks for itself and is the best evidence of its content, and Defendant denies the allegations in paragraph 21 to the extent they are inconsistent therewith.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint.

## FIRST COUNT

### (Purporting to Allege Breach of Contract)

26. Defendant incorporates by reference its responses to the preceding paragraphs as if specifically set forth at length herein.

27. Defendant admits the allegations set forth in paragraph 27 of the Complaint.

28. The Agreement upon which the allegations set forth in paragraph 28 of the Complaint purport to be based speaks for itself and is the best evidence of its content, and Defendant denies the allegations in paragraph 28 to the extent they are inconsistent therewith.

29. The Agreement upon which the allegations set forth in paragraph 29 of the Complaint purport to be based speaks for itself and is the best evidence of its content, and Defendant denies the allegations in paragraph 29 to the extent they are inconsistent therewith.

30. Defendant denies the allegations set forth in paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint.

## SECOND COUNT

**(Purporting to Allege Breach of the Implied Covenant of Good Faith and Fair Dealing)**

32. Defendant incorporates by reference its responses to the preceding paragraphs as if specifically set forth at length herein.

33. Defendant admits the allegations set forth in paragraph 33 of the Complaint.

34. The allegations set forth in paragraph 34 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 34.

35. Defendant denies the allegations set forth in paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint.

## THIRD COUNT

**(Purporting to Allege Unjust Enrichment)**

37. Defendant incorporates by reference its responses to the preceding paragraphs as if specifically set forth at length herein.

38. Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in paragraph 40 of the Complaint.

## SEPARATE DEFENSES

Without assuming the burden of proof with respect to any matter for which Plaintiff bears such burden, and without waiving its right to put Plaintiff to its proofs, Defendant asserts the following separate defenses to the claim set forth in the Complaint.

### First Separate Defense

Each of Plaintiff's claims for relief fails to state a claim upon which relief may be granted.

### Second Separate Defense

The relief sought in the Complaint is barred, in whole or in part, because Defendant did not breach or violate any duty or obligation owed to Plaintiff, contractual or otherwise.

### Third Separate Defense

Defendant acted in good faith in the performance of the parties' contract.

### Fourth Separate Defense

The relief sought in the Complaint is barred, in whole or in part, by the doctrine of waiver.

### Fifth Separate Defense

The relief sought in the Complaint is barred, in whole or in art, by the doctrine of laches.

### Sixth Separate Defense

The relief sought in the Complaint is barred, in whole or in part, by estoppel.

### Seventh Separate Defense

The relief sought in the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### Eighth Separate Defense

The relief sought in the Complaint is barred, in whole or in part, by the applicable statute of limitations or repose or contractual limitations period.

### Ninth Separate Defense

Plaintiff's claims, or the damages, if any, it may recover, are barred or at least reduced by Plaintiff's failure to mitigate its alleged damages.

### Tenth Separate Defense

All damages, if any, that Plaintiff has suffered were caused by Plaintiff's own actions and inactions.

### Eleventh Separate Defense

Defendant has not retained any benefit received from Plaintiff so as to become unjustly enriched.

### Twelfth Separate Defense

Plaintiff is barred from recovering both in contract and quasi-contract.

### Thirteenth Separate Defense

Plaintiff's alleged claim for breach of the implied covenant of good faith and fair dealing is duplicative of its claim for alleged breach of contract.

### Fourteenth Separate Defense

Plaintiff is not entitled to permanent injunctive relief at least because: (1) Plaintiff cannot establish actual success on the merits; (2) Plaintiff has not suffered nor will it suffer irreparable harm; (3) the alleged injuries, if any, to Plaintiff, do not outweigh the damage that a permanent injunction would cause Defendant; and (4) an injunction would not serve the public interest.

### Fifteenth Separate Defense

Plaintiff is not entitled to equitable relief, including a permanent injunction, because Plaintiff has an adequate remedy at law even if it were to prevail in this action.

### Sixteenth Separate Defense

Plaintiff's claims are barred, either in whole or in part, by the terms of the Agreement between the parties.

### Seventeenth Separate Defense

Defendant reserves the right to assert and rely upon additional defenses, at law or in equity, that may now exist or in the future become available or apparent through discovery or investigation in this action and to amend its Answer to assert any such additional defenses.

**WHEREFORE**, Defendant Markit Group Limited respectfully requests that the Complaint be dismissed with prejudice, that judgment be entered in its favor, that it be awarded its costs of suit, and that it may have such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 14, 2022

By: s/ Samuel I. Portnoy
Samuel I. Portnoy
Christopher P. Anton
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102-5310
Tel:  (973) 596-4909
Fax:  (973) 639-6218
sportnoy@gibbonslaw.com
canton@gibbonslaw.com
*Attorneys for Defendant Markit Group Limited*